UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHRIS ELBERTSON**<br>**BARBARA ELBERTSON** | ) | **Case Number** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL COMPLAINT** |
| **vs.** | ) | |
| | ) | |
| **LAW OFFICE OF HARRISON ROSS BYCK,** | ) | **JURY TRIAL DEMANDED** |
| **P.C.** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Chris and Barbara Elbertson, by and through their undersigned counsel, Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

### I.   INTRODUCTORY STATEMENT

1.     Plaintiffs are individual consumers and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

III.   **PARTIES**

4.      Plaintiffs, Chris and Barbara Elbertson, are adult individuals and citizens of the State of New Jersey, residing at 1021 E. Commerce Street, Bridgeton, NJ 08302.

5.      Defendant, Law Office of Harrison Ross Byck, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 229 Plaza Blvd. Ste. 112, Morrisville, PA 19067.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV.   **FACTUAL ALLEGATIONS**

7.      In July of 2006, due to unforeseen circumstances the Plaintiffs became past due on a consumer credit account with Bank of America.

8.      Bank of America sold the past due account to CACH,LLC who then transferred the account to the Law Office of Harold Scherr ("Scherr") for collection.

9.      After receiving threats of litigation, wage garnishment and sheriff's sale of property Plaintiff began making agreed upon payments of $50.00 per month to Scherr in November of 2007.

10.      In July of 2006 the Bank of America account had a balance of $4,000.00.

11.      Plaintiffs were making timely payments to Scherr when they learned that Defendant had taken over collection efforts in or about June of 2008.

12.     On June 30, 2008 the Defendant sent a letter to Plaintiff Chris J. Elbertson in which they mischaracterize the debt as "restitution" in an attempt convince the Plaintiffs' that matter was now a criminal case. A copy of the letter is attached hereto as **Exhibit A**.

13.     **Exhibit A** claims that the balance was in June of 2008 in excess of $9,000.00.

14.     Defendant's agents began a constant barrage of calls to the employer of the Plaintiff Chris J. Elbertson.

15.     Plaintiffs told agents from the Defendant on several occasions that calls were not allowed to be made to Mr. Elberton's work as his employer prohibited such contact.

16.     Plaintiffs agreed to pay just over $4,000.00 of the total by means of refinance but were unable to borrow against the home due to the current economic climate.

17.     Agents for the Defendant were irate with the Plaintiffs and called and threaten to take their home and wages.

18.     On June 25, 2008 Plaintiffs sent written notice to the Defendants to again cease all calls to Plaintiffs' home and employment. See copy of letter attached hereto as **Exhibit B**.

19.     Plaintiffs have received over thirty calls since the written request to cease.

20.     The harassing, threatening and deceptive contacts are violations of the FDCPA.

<u>COUNT I</u>

**FDCPA VIOLATION 15 U.S.C. § 1692 <u>et seq.</u>**

21.     The above paragraphs are hereby incorporated herein by reference.

22.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:  15 U.S.C. § 1692d, d(2), d(5), d(6), e, e(2), e(3),  e(5), e(7), e(9), e(10), e(11), e(14), f and g.

23.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their  favor and against Defendant and Order the following relief:

a.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. §1692k;

d.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e.     Such addition and further relief as may be appropriate or that the interests of justice require.

V.     <u>**JURY DEMAND**</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:   November 6, 2008          BY:   ___/s/Bruce K. Warren_____
                                 Bruce K. Warren
                                 1603 Rhawn Street
                                 Philadelphia, PA  19111
                                 215-745-9800   Fax 215-745-7880
                                 Attorney for Plaintiffs

# EXHIBIT "A"



# The Law Office of Harrison Ross Byck, Esq., P.C.

229 Plaza Boulevard, Suite 112
Morrisville, PA 19067
Local: (215) 428-0666 Fax: (215) 428-0740
Toll Free: (888) 275-6399

**Harrison Ross Byck, Esq.**
Member: PA and NJ State Bar

---

Of Counsel:
**Allan C. Smith, Esq.**
Member: PA and NY State Bar

**Joseph A. Diorio, Esq.**
Member: NJ State Bar
**Leonard A. Sunguedolce, Esq.**
Member: PA State Bar



*****AUTO**MIXED AADC 350
14516-300/1461319007090 1303/2321     262
CHRIS J ELBERTSON                                      5
1021 E COMMERCE ST
BRIDGETON, NJ 08302-4407

JUNE     30TH, 2008

00212

00212

00212

---

### FINAL NOTICE and DEMAND

OUR CLIENT: CACH, LLC
FILE NUMBER: 1461319007090 1303

ORIGINAL CREDITOR: BANK OF AMERICA, N.A. 4888920999134719

Amount Owed: $7,996.29
Interest: $1,673.62

#### Current Balance: $9,669.91

Dear CHRIS:

CHRIS, after careful review of this file we have come to the determination that there appears to be a lack of cooperation in making voluntary restitution regarding the above outstanding claim. This office has been authorized to use all approved means at our disposal to enforce a remedy to this matter.

At this particular time we will offer you the opportunity of making **affordable monthly payments** or we may be able to lower the total amount due to settle this matter without the need to pursue any additional collection efforts in your state.

The interest reflected above is as of the date of this communication, contact the firm to ascertain the current amount.

**This communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.**

To make a payment or view your file visit www.HBYCKLAW.com .

SINCERELY,

Harrison Ross Byck, ESQ.

**As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligation.**

AC15

Alan Nash 1-888-275-6399 x 120

262.2321

EXHIBIT "B"

# BARBARA ELBERTSON

June 25, 2008

Law Office of Harrison Ross Byck
239 Plaza Boulevard, Suite 112
Morrisville, PA 19067

Dear Sir or Madam:

In regards to: CACH, LLC

BANK OF AMERICA, N.A.

FILE NUMBER: 146131900070901303

As you are aware we where expecting to have our loan done by the end of June. This is not going to happen by that time. I am fully aware that our previous settlement pay off agreement is void now. The check by phone I did with Allen Nash on June 20th 2008 is void as well. Please disregard it. Since the settlement pay off amount of $4,830.00 was never in our account and as you know we where waiting on the loan for funds to pay this. The check was numbered 9000 and dated for June 30th 2008 as stated by Allen Nash to me via our conversation at the time on June 20th 2008.

We will assume our original payment arrangement which we made with the previous lawyers handling this case, which was $50.00 monthly, beginning with June of 2008, this payment is enclosed.

If and when we do receive additional funds I will contact you.

As stated in the Fair Debt Collections Practices Act, this is written notice that Chris Elbertson's job does not allow for personal phone calls. So please don't call his job again. Also you may not call our home any longer. You may contact us via US mail.

Cordially,